By the Court.
We think the judgment of the circuit court in this case should be reversed and judgment rendered in favor of the city. The defendant in error, Sohl, petitioned for the benefits of the act, the making of the improvement under its provisions, and thereby, with the others acting with him, induced the city to negotiate its bonds to pay for the improvement. The general principles of estoppel were applied to this aspect of the .ease, in State ex rel. v. Mitchell, 31 Ohio St. 592.
But it is claimed that two-thirds of the ownership of the frontage upon the street had not been obtained prior to the passage of the ordinance authorizing the improvement to be made, and that, therefore, the defendant is not liable.
This claim is based upon the decision in Tone v. Columbus, 39 Ohio St. 281. The master'found upon the testimony taken before him that the requisite two-thirds of the frontage had been obtained. The facts as to each contested petitioner, and the amount of his frontage, were found and reported by him, so that it is not necessary to review the evidence as to the question whether the requiste ownership of the frontage had been obtained or not, so far as it is confined to the facts so found and reported by the master, and not modified by the court. For it will be found, upon analysis, that the modifications made by the court, in *482 the'findings of the master, were in his conclusions of law and not in his findings of fact as to .each contested petitioner. It was found that in a number of cases the petition had been signed, not by the owner, but by some one for him as agent, aud in some- cases the name of the agent only was signed to the petition. But in all these cases, where the master found the owner to have been a petitioner, he also found, as a fact, either that the agent was authorized to act for the owner as principal, or that the owner subsequently ratified the act before the improvement was ordered and the city negotiated its bonds. We see no good reason why, in this case, an owner may not have acted by his agent as well as by himself. It was not a question of jurisdiction! The law was invalid, and no authority was derived from it, for the making of the improvement, beyond the extent to which it had been adopted by all concerned as a scheme for improving North High street. Its provisions simply furnished the terms of an agreement among the concurring property holders, and the basis of a commission from them to the agencies of the city for the.improvement of the street; and the rights and liabilities of all parties, including the city, are to be determined by the law of contract and agency, aud not by any statutory powers that may have been intended to be conferred by the legislature; for the act being invalid could confer none. So-that, it is not material in this view-of the case whether two-thirds of the frontage had been obtained before or after the passage of the ordinance, so that it was obtained without fraud or imposition upon the property owners before the work was directed to be done for which the-city issued its bonds.
We do not regard this as conflicting with any thing held and determined in the Tone case. It was presented upon a demurrer to the petition, that charged fraud and bad faith upon the part of the city and many of the petitioners, and averred -that, as' a matter of fact, two-thirds of the ownership of the frontage upon the street had not been obtained; and upon these facts the court held the plaintiff entitled to *483 relief and that the demurrer should be overruled. This is entirely consistent with what we have said. The power to direct the improvement to be made and to make an assessment being referred to a voluntary agency, conferred by the property owners upon the city, must derive its validity from what is done in the execution of the agency, and not from any supposed jurisdiction conferred on the city by the statute in question, that could only have attached to a given state of facts, required to exist at the time the so-called ordinance was p assed, and could not have been helped by any subsequent facts, prior to the order for the improvement of the street and the issuing of its bonds by the city.
All the charges of fraud and bad faith on the part of the city, or of any of the petitioners, are negatived by the findings of the master, and the findings in this regard of the master are adopted by the court as part of its findings of fact. And from what has been said, it appears, as we think, that the master was clearly right in concluding from the facts found by him, and not modified by tbe court, that ail excess of two-thirds of the ownership of the frontage had petitioned for the improvement before it was ordered to be made.
The judgment of the circuit court is reversed at the costs of the defendant in error, and judgment is rendered for the city dismissing the action of the plaintiff below at his costs.